fame, evidence examined and *held* sufficient to support a judgment that defendant was an "inmate" within the meaning of the Criminal Code, ch. 38, sec. 57a-1 [Cal. Ill. St. Supp. 1916 ¶ 3591 (1) ].

## The People of the State of Illinois, Defendant in Error, v. Hans Ness, Plaintiff in Error.

### Gen. No. 22,257.　(Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PATRICK B. FLANAGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed July 20, 1916.

### Statement of the Case.

Information by the People of the State of Illinois against Hans Ness, defendant, charging him with obtaining from Eugene Sullivan, the informant, with intent to cheat and defraud, by means of false pretenses, the sum of one hundred and ninety dollars. Trial by jury having been waived, the court found the defendant guilty in manner and form as charged in said information, and sentenced him to the House of Correction of the City of Chicago for three months, and further to pay to the clerk of the Municipal Court of Chicago, a fine of two hundred dollars and costs of suit. To reverse this judgment, defendant prosecutes this writ of error.

It appeared that defendant entered into a contract with the said Sullivan whereby he agreed to do certain carpenter work on Sullivan's dwelling house for a certain stipulated sum. Defendant, at Sullivan's request, performed other work on said house in addition to that specified in their contract, for which work defendant, as a result of compromise, accepted one hundred and ninety dollars in full settlement of all claims

against Sullivan. On the day following, defendant executed and delivered to Sullivan a statutory waiver of lien as to said premises. Sullivan and his wife testified that said one hundred and ninety dollars was paid by Sullivan to defendant upon representation by the latter that all bills for labor and material furnished had been paid. Defendant testified that at the time of said settlement, he stated to Sullivan that there were unpaid bills in the sum of four hundred dollars for material used by defendant on said property. Defendant further testified that subsequent thereto, he offered to pay the Hines Lumber Company for lumber used by defendant on said property in monthly installments, which offer said company declined to accept. There was no evidence of any lien filed on informant's premises by any subcontractor, nor that informant received any notice or claim for such lien, although the information was filed more than four months following the completion of said work by defendant.

PETER J. JOHNSON, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

FALSE PRETENSES, § 37*—*when evidence insufficient to show intent to defraud by false pretenses.* In a criminal proceeding by information, charging defendant with obtaining money from the informant with the intent to cheat and defraud, evidence examined and *held* insufficient to support a judgment against defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.